# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-846V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| GERALD O'CONNOR, | * | |
| | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: April 27, 2017 |
| | * | |
| v. | * | Decision; Attorney's Fees and Costs. |
| | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Edward M. Kraus,* Law Offices of Chicago Kent, Chicago, IL, for Petitioner.

*James George Bartolotto*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On July 19, 2016, Gerald O'Connor filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of his April 3, 2014, receipt of the tetanus-diphtheria-acellular pertussis vaccine. The parties eventually filed a stipulation for damages on April 5, 2017 (ECF No. 19), which I adopted by decision that same day. ECF No. 20.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be made public in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 24, 2017. *See* ECF No. 24. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $17,735.91 (representing $16,443.70 in attorney's fees, plus $1,292.21 in costs). *Id.* Respondent has not filed a response to the request, but Petitioner's motion stated that he conferred with Respondent, who indicated he had no objection to the overall amount sought. Petitioner also stated that he had incurred no other unreimbursed costs in this case.

I approve the requested amount for attorney's fees and costs as reasonable, with one minor adjustment due to what seems to be a clerical error. The first billing entry for Mr. Edward Kraus in June 2014 lists an hourly rate of $389, while for the rest of the year (consistent with prior special master's decisions) the billing rate is $361. *See Jackson v. Sec'y of Health & Human Servs.,* No. 14-1217V, slip op. (Fed. Cl. Spec. Mstr. April 26, 2017) (awarding Mr. Kraus and hourly rate of $361 for 2014). I will thus apply $361 to the first billing entry, reducing the total award by $14.00.

Accordingly, an award of **$17,721.91** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Edward Kraus, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.